Filed: 3/24/2017 11:03 AM
Clerk
St. Joseph County, Indiana

STATE OF INDIANA ) IN THE ST. JOSEPH _____ COURT
) SS:
COUNTY OF ST. JOSEPH ) CAUSE NO. **71D06-1708-CT-000379**

V.W., a minor child by his next friend )
and parent Tasha Haynes, and )
TASHA HAYNES, individually, )
)
    Plaintiffs, )
)
v. )
)
SOUTH BEND COMMUNITY )
SCHOOL CORPORATION, )
)
    Defendant. )

## COMPLAINT

Plaintiffs V.W. and Tasha Haynes, by counsel, hereby assert claims for relief

against Defendant South Bend Community School Corporation In support hereof,

the Plaintiff states and alleges:

1. At all times relevant herein, Tasha Haynes was living with her son, V.W.,

age three (3), and domiciled in St. Joseph County, Indiana.

2. At all times relevant herein, South Bend Community School Corporation

was doing business in St. Joseph County, Indiana.

3. At all times relevant herein, South Bend Community School Corporation

owned, possessed and controlled the property at 724 East Dubail Avenue, South

Bend, Indiana, upon which the Studebaker Center is located.

4. At all times relevant herein, South Bend Community School Corporation

operated a Special Needs and Abilities Preschool ("SNAP") program at the

1



EXHIBIT
"A"

Studebaker Center.

5. At all times relevant herein, V.W. was a pre-school child with special needs and abilities who was enrolled in the SNAP program at the Studebaker Center.

6. Prior to April 17, 2017, South Bend Community School Corporation knew or should have known the nature and extent of V.W.'s special needs and infirmities, including impaired body movement, muscle control, muscle coordination, balance, and motor skills, which required paratransit transportation to and from the Studebaker Center and attendant care and assistance and physical accommodations while entering and exiting the Studebaker Center in a wheelchair.

7. On April 17, 2017, V.W. had been entrusted to the exclusive care, control and supervision of the South Bend Community School Corporation.

8. On said date, the employees of South Bend Community School Corporation attending to V.W. knew or should have known that he was completely dependent upon others for transportation, to exit the paratransit vehicle, to enter the Studebaker Center, to protect him, and to provide for his personal safety.

9. On said date, an employee of South Bend Community School Corporation had the responsibility to take V.W., via his wheelchair, from the South Bend Community School Corporation paratransit vehicle into the Studebaker Center.

10. On said date, an employee of South Bend Community School Corporation left V.W. unattended in his wheelchair on or near the exterior ramp to the Studebaker Center and failed to properly secure the wheels on the wheelchair, which

2

caused V.W. to fall.

11. On said date, V.W. was an invitee upon the premises owned, possessed and controlled by South Bend Community School Corporation

12. On April 17, 2017, South Bend Community School Corporation owed various duties, including but not limited to:

    a.  a duty to exercise reasonable care in supervising a special needs and abilities pre-school child entrusted to its care;

    b.  a duty to properly train and supervise its employees to care for a special needs and abilities pre-school child entrusted to its care;

    c.  a duty to provide reasonable accommodations for safe ingress and egress to public educational facilities by special needs and abilities pre-school children who are required to use a wheelchair to ambulate;

    d.  a duty to maintain the premises in a reasonably safe condition; and

    e.  a duty to inspect the premises from time-to-time in a reasonable effort to discover and remedy conditions that made the premises unsafe.

13. South Bend Community School Corporation knew of, or by the exercise of reasonable care should have discovered that leaving V.W. unattended on or near a ramp involved an unreasonable risk of harm to V.W.

14. South Bend Community School Corporation should have expected that V.W. would not discover or realize the unreasonable risk of harm and he would be unable to protect himself.

3

15. On April 17, 2017, South Bend Community School Corporation negligently breached the duties that were owed. South Bend Community School Corporation's breaches included, but are not limited to, the following:

    a. failing to exercise reasonable care in supervising a special needs and abilities pre-school child entrusted to its care;

    b. failing to properly train and supervise its employees to care for a special needs and abilities pre-school child entrusted to its care;

    c. failing to provide reasonable accommodations for safe ingress and egress to public educational facilities by special needs and abilities pre-school children who are required to use a wheelchair to ambulate;

    d. failing to maintain the premises in a reasonably safe condition; and

    e. failing to inspect the premises from time-to-time in a reasonable effort to discover and remedy conditions that made the premises unsafe.

16. Some or all of South Bend Community School Corporation's negligent acts or omissions were violations of federal and state laws and regulations and local ordinances, for which there was no excuse or justification, that were designed to protect the class of persons, in which V.W. was included, against the risk of harm which occurred as a result of the violations.

17. As a direct and proximate result of the negligence of South Bend Community School Corporation, V.W.:

    a. has sustained injuries, which might be permanent in nature and have

affected the ability to function as a whole person;

    b. has sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experienced in the future, as a result of the injuries;

    c. has incurred reasonable expenses for necessary medical care, services, and treatment, and it is likely expenses for future medical care, treatment, and services will also be incurred;

    d. may have sustained bodily disfigurement or deformity; and

    e. may have been otherwise damaged and injured.

18. As a direct and proximate result of the negligence of South Bend Community School Corporation, Tasha Haynes:

    a. lost the care, society, companionship, support, or service of a child and it is likely that said care, society, companionship, support or service will be lost in the future;

    b. may have lost earnings, profits or income; and

    c. may have been otherwise damaged.

**WHEREFORE**, Plaintiffs V.W. and Tasha Haynes pray that the Court enters a judgment against Defendant South Bend Community School Corporation, and for Plaintiffs V.W. and Tasha Haynes, in an amount sufficient to reasonably compensate Plaintiffs V.W. and Tasha Haynes for the damages incurred and injuries sustained, for costs, for a trial by jury on all issues in this cause, and all other just and proper

relief in the premises.

Respectfully submitted,

CRAIG KELLEY & FAULTLESS LLC


/s/ David W. Craig
David W. Craig, #4356-98


/s/ Scott A. Faultless
Scott A. Faultless, #15736-49

Attorneys for Plaintiffs:

CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)

6